■     CARMEL PARATORE, Respondent, v JOHN PARATORE, Appellant.—The respective attorneys for the parties on this appeal from a judgment of the Supreme Court, Westchester County, dated May 7, 1975, have agreed by signed stipulation dated September 19, 1975, that the judgment be modified

as follows: (1) By deleting therefrom the third to seventh decretal paragraphs and substituting therefor, respectively, the following: "Custody of the parties' two minor children shall be with the father from Fridays at 7:30 P.M. through and including Sundays until 6:00 P.M. and such other reasonable arrangements as to visitation to which the parties shall agree; further, the father shall have custody on alternate legal holidays and during the month of August; Defendant John Paratore shall pay to Carmel Paratore the sum of $25 per week as alimony and the sum of $50 per week for each child for child support plus all necessary medical and dental expenses for said children; Defendant John Paratore shall pay to Carmel Paratore the sum of $22,500 for a quitclaim deed to premises 68 Rose Avenue, Eastchester, New York, payable as follows: (a) $8,000 by certified or bank check by October 21, 1975; (b) balance ($14,500) without interest, by the issuance of a second mortgage to plaintiff Carmel Paratore, payable October 21, 1976; Defendant John Paratore's obligation for payment of the counsel fee for Smyth & Levin, Esqs., of $4,065 is reduced to $2,000, with the balance of $2,065 payable by plaintiff Carmel Paratore; defendant Paratore's obligation ($2,000) payable on October 3, 1975; That arrears for alimony and child support are fixed at $500, payable on October 21, 1975"; and (2) by adding to the judgment the following provision: "It is expressly agreed that a breach of any of the foregoing terms by either of the parties is a substantial breach of this stipulation of modification rendering the entire agreement null and void and thereby restoring the parties to the *status quo ante* as of September 19, 1975, with the instant appeal restored automatically upon notice to the court and parties." In accordance with the foregoing, it is ordered that the judgment appealed from is modified as above set forth, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.